## No. 16,863.

### CLARK v. FELLIN.
(251 P. [2d] 940)

Decided December 1, 1952.

Messrs. COIT & GRAHAM, Mr. GERALD J. ASHBY, for plaintiff in error.

Messrs. KAMPF & ICKE, for defendant in error.

*En Banc.*

Mr. CHIEF JUSTICE JACKSON delivered the opinion of the court.

WE will refer to the parties herein as they appeared in the trial court, their positions there being the reverse of their appearances here.

Plaintiff Fellin obtained a seven thousand dollar judgment against defendant Clark for damages for personal injuries. The latter brings the cause here, seeking a reversal of the judgment. Fellin, while walking across a street, midway in a block in the business district of Ouray, at half past midnight, was hit by a car driven by defendant. Both plaintiff and defendant were proceeding to a fire when the accident occurred, plaintiff as a spectator and defendant as a member of the Ouray volunteer fire department. Defendant claimed that the car which he was driving at the time of the accident was an authorized emergency vehicle under the terms of section 1, chapter 288, S.L. '51, and as defined in section 77 (a), chapter 16, '35 C.S.A.

Plaintiff's complaint is based generally on a claim of negligence, and he specifically alleged in paragraph 3, subsection (h), that defendant, "being a member of the volunteer fire department attached to the fire depart-

ment of the city of Ouray, drove his private automobile in responding to a fire alarm without having the same identified by two purple lights in the front portion of said car so that they could be readily seen by the public, contrary to the statute of the State of Colorado in such case made and provided." Counsel for defendant moved to strike this paragraph on the ground that it failed to state any negligence on the part of defendant and accordingly any matter upon which relief could be granted; and therefore was prejudicial to defendant. The court denied this motion. Subsequently the same question was raised when the court denied instructions "A" and "B," tendered by counsel for defendant at the close of the jury trial. These read: "A. You are instructed that the vehicle being driven by the defendant at the time of the accident herein involved was an authorized emergency vehicle. B. You are instructed that if you find that the defendant had his siren operating up to the time of the accident, then the failure of the defendant to have his automobile identified by two purple lights on the front thereof is immaterial to this case and such fact is to be totally disregarded by you in reaching this verdict."

The court, in its instruction No. 4, set forth the statutes of the state of Colorado and the ordinances of the city of Ouray so far as deemed applicable to this case, which included the following: "When no special hazard exists the following speeds shall be lawful, but any speed in excess of said limits shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful:

"Twenty-five miles per hour in any business district. [The accident occurred in the business district and the evidence disclosed that defendant's speed was more than twenty-five miles per hour.] The prima facie speed limitations * * * shall not apply to authorized emergency vehicles when responding to authorized emergency calls and the drivers thereof sound audible signal by bell, sirens or exhaust whistle. This provision shall not relieve

the driver of an authorized emergency vehicle from the duty to drive with due regard to the safety of all persons using the street nor shall it protect the driver of such vehicle from the consequence of a reckless disregard of the safety of others."

The next paragraph of the instruction quoted the first two sentences of section 1, chapter 288, S.L. '51, omitting the third sentence. Then the following: "Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway except—when overtaking and passing another vehicle proceeding in the same direction. No vehicle shall be driven to the left side of the center of the roadway in overtaking and passing another vehicle proceeding in the same direction unless such left side is clearly visible - - -. No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement." The evidence disclosed that defendant, in order to avoid hitting a vehicle in front of him, turned to the left which put his car to the left of the center of the street when the accident occurred.

The concluding paragraph of instruction No. 4 reads: "Any pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right-of-way to all vehicles upon the roadway. Notwithstanding the provisions of this section every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

It will be noted that the court, in instruction No. 4, set forth what it deemed to be the pertinent statutes and ordinances, without comment. The provision causing the chief dispute in this case is section 1, chapter 288, S.L.

'51, which reads as follows: "That on and after the effective date of this Act all members of volunteer fire departments regularly attached to the fire departments organized within incorporated towns and cities and fire protection districts shall have their private automobiles identified by purple lights installed 2 in number in the front portion of said cars, so that they can be readily seen by the public; and said cars may be equipped with audible signal systems such as sirens, whistles, or bells. Said lights, or signals, or both, shall be used when said member of any such department is responding to a fire alarm or other emergency. Provided, however, that no such lights or signals shall be used for any other purpose than as herein set forth; and if used for any other purpose such use shall constitute a violation of this Act and be punishable by a fine of Fifty ($50.00) Dollars or ten (10) days imprisonment, or by both fine and imprisonment."

Counsel for plaintiff take the position that for defendant to bring his car within the category of an authorized emergency vehicle it must be equipped with, and using at least, two purple lights in front; whereas counsel for defendant contend that if the car is equipped with a siren it is not necessary to have it also equipped with two purple lights showing in front. It is our opinion that this law, through faulty draftsmanship, is ambiguous and it therefore is necessary that we construe it.

■ It is to be noted that section 1 consists of three sentences. Had the section contained simply the first sentence, then it would appear that the construction for which counsel for plaintiff argues would seem plausible, namely: that private automobiles so used by the volunteer firemen should be identified by two purple lights in the front portion of their cars. This apparently is a mandatory provision because of its containing the word "shall," whereas the provision that such cars "may be equipped with audible signal systems such as sirens, whistles, or bells" might be considered to be permissive

and not mandatory because of the use of the word "may" instead of "shall." But the legislature did not stop there. The next sentence reads: "Said lights, or signals, or both, shall be used when said member of any such department is responding to a fire alarm or other emergency." This sentence clearly puts the use of lights or sound signals on a parity by the use of the alternative "or" and indicates an intention that *either* the lights shall be used *or* the sound signals, *or* both lights and sound signals in responding to a fire alarm or other emergency. Under this interpretation, defendant's car, being equipped with a siren, qualified under the statute as an emergency vehicle, provided that he was blowing the siren prior to the accident.

That this construction seems to be the proper one is further indicated by a reading of the third sentence: "Provided, however, that no such lights or signals shall be used for any other purpose than as herein set forth;" again indicating the use in the alternative of lights *or* sound signals, with a provision for a fine of fifty dollars if either the lights or the sound signals are used improperly.

Two rules of statutory construction would appear to be applicable here: One rule is that the whole statute must be read together and considered as a whole, *Dekelt v. People,* 44 Colo. 525, 99 Pac. 330, and its intent gathered from all of its provisions, *Ferris v. Chambers,* 51 Colo. 368, 117 Pac. 994. Every word of legislative enactment must be considered, *Woodmen of the World v. McCue,* 88 Colo. 209, 294 Pac. 947, and to ascertain legislative intent the court must consider the entire statute and not isolated words and expressions. *Thompson v. Jack,* 90 Colo. 470, 10 P. (2d) 947. The federal court follows the same rule in this state. *Westerlund v. Black Bear Mining Co.,* 203 Fed. 599, 121 C. C. A. 627. If we put the construction on the statute urged by counsel for plaintiff, namely, that it is absolutely mandatory that a vehicle, to qualify as an emergency vehicle, should be equipped

with two purple lights, then the second sentence in section 1 would have to be ignored. The other rule of construction is that, in the event of ambiguity, the later paragraph or sentence shall prevail over the earlier. *In re Joy's Estate,* 1 Colo. N. P. Dec. 150. Applying that rule the same result is reached, namely, that a vehicle, to qualify as an emergency vehicle, must be provided with sound signals or, in the alternative, with purple lights, but need not be equipped with both purple lights and sound signals.

It may be argued that in the construction of statutes "or" may be substituted for "and," and vice versa, where necessary to give effect to the spirit and intent of the act, *Heitzman v. First National Bank,* 83 Colo. 476, 266 Pac. 213, and that by applying this rule the construction urged by counsel for plaintiff would be proper. This rule of construction, however, is clearly inapplicable here because the words "or both," following reference to the use of the lights or sound signals, clearly show that "or" as used in the second sentence can only mean the disjunctive and not the conjunctive.

We believe that it was prejudicial error in this case for the trial court to refuse so to construe the statute. Where such an ambiguous law was submitted to the jurors, it is impossible to determine how they construed it. It may be that they would have found defendant negligent and liable to respond in damages even though he were driving an authorized emergency vehicle. On the other hand, it also is possible that they might have adopted the construction placed upon it by plaintiff's counsel, namely, that defendant, under the circumstances, was not driving an authorized emergency vehicle and therefore had no privileges for excessive speed or otherwise not allowed the ordinary driver. We cannot speculate as to how the jury reached its verdict.

The judgment is accordingly reversed and the cause remanded for further proceedings in harmony with the views expressed in this opinion.