No. C-1340

Public Employees' Retirement Association; Mark E. Schwartz, Adrian Williamson, John E. Moreland, Thomas D. Lindquist, Barclay Watson, Margaret Whilden, Ada Houck, Carl Wilkerson, Arthur Croissant, Bernal Brooks, Wilborn S. Whitehead, Mary E. Buchanan, Sam Brown, and John Proctor, individually and as Members of the Public Employees' Retirement Association v. Vera Greene and Lisa Marie Greene, by her next friend, Jere M. Greene, and James Greene

(580 P.2d 385)

Decided June 19, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Joel W. Cantrick, Assistant, for petitioners.

Feder & Morris, P.C., Katherine Tamblyn, for respondent.

[No appearance entered on behalf of the defendants.]

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

Vera Greene (plaintiff), as the designated beneficiary of her deceased husband, Donald Greene, brought this action against the Public Employees' Retirement Association (PERA) to recover her husband's accumulated deductions, pursuant to section 24-51-117(1), C.R.S. 1973.[1] Trial to the court resulted in a judgment for the plaintiff. The court of appeals affirmed in *Greene v. Public Employees' Retirement Ass'n,* 39 Colo. App. 468, 570 P.2d 24 (1977). We reverse for remand with directions to enter judgment for the defendant.

PERA contends on appeal that a member's designated beneficiary is not entitled to a lump sum payment under section 24-51-117(1), C.R.S. 1973, when the accumulated deductions are required to be transferred to the survivors' benefit reserve fund, pursuant to section 24-51-801, C.R.S. 1973.[2]

---

[1] Since amended to correct the problem presented in this appeal as reflected in section 24-51-117, C.R.S. 1973 (1977 Supp.).

[2] Amended to eliminate the issue on appeal as reflected in section 24-51-801, C.R.S. 1973 (1977 Supp.).

Since Donald Greene was survived not only by his wife, but also by two minor children of a previous marriage who were eligible for survivors' benefits, PERA asserts that the accumulated deductions must be transferred to the survivors' benefit reserve fund. We agree.

The two statutory provisions involved in this case provide, in pertinent part:

"*24-51-117. Heirs to receive payment, when.* (1) Whenever a member of the association dies without receiving an annuity, an amount equal to the total of his accumulated deductions shall be paid in one lump sum to the beneficiaries designated by such member or, if none, to the legal representatives of such member upon the establishment of a valid claim.

"*24-51-801. Reserve fund created.* There is hereby created a survivors' benefit reserve fund. . . . If survivor benefits become payable under this part 8 on account of the death of a member, said member's accumulated deductions shall be transferred to the survivors' benefit reserve fund. If the aggregate amount of survivor benefit payments received by the eligible survivor of the member prior to the death or remarriage of said surviving recipient is less than the accumulated deductions credited to the said deceased member's individual account in the retirement system at the time of his death, the remainder shall be paid in a lump sum to such person as the member has nominated as beneficiary by written designation. . . ."

In construing these statutes, we invoke three well-established principles of statutory construction: First, statutes which are *pari materia* must be construed together to reasonably effect the legislative intent. *Colorado and Southern Railway Company, Inc. v. District Court,* 177 Colo. 162, 493 P.2d 657 (1972); *State Board v. City and County of Denver,* 61 Colo. 266, 156 P. 1100 (1916). Secondly, if two statutes which address the same subject are inconsistent, the one enacted later in time prevails to the extent of the inconsistency. *People v. James,* 178 Colo. 401, 497 P.2d 1256 (1972); *Thompson v. People,* 136 Colo. 336, 316 P.2d 1043 (1957); 2A *Statutes and Statutory Construction,* §51.02 (rev. 4th ed. C. Sands). Finally, statutes must be construed as a whole to reasonably effect the legislative intent evidenced by the entire statutory scheme. *Howe v. People,* 178 Colo. 248, 496 P.2d 1040 (1972); *Clark v. Fellin,* 126 Colo. 519, 251 P.2d 940 (1952).

The above-stated principles cause us to conclude that the General Assembly intended a specific statutory disposition of a member's accumulated deductions to occur at death. Section 24-51-117(1), C.R.S. 1973, provided that a member's accumulated deductions be paid to the designated beneficiary if the member died without receiving an annuity. That provision, however, cannot be enforced in isolation. Other statutory provisions which purport to dispose of a member's accumulated deductions must also be considered. Section 24-51-801, C.R.S. 1973, requires that a member's accumulated deductions be transferred to the survivors' benefit

reserve fund when survivors' benefits are payable as in this case. Only if the aggregate amount received by eligible survivors is less than the member's accumulated deductions can a distribution be made to the designated beneficiary under section 24-51-117(1), C.R.S. 1973.

The two sections are inconsistent to the extent that each purports to establish a superior claim to a deceased member's accumulated deductions. The accumulated deductions, however, cannot satisfy both statutory provisions. We hold, therefore, that section 24-51-801, C.R.S. 1973, enacted later in time than section 24-51-117(1), C.R.S. 1973, modified the earlier provision to the extent that it was inconsistent.

The correctness of this construction is evidenced by close scrutiny of section 24-51-801, C.R.S. 1973, which requires that the accumulated deductions be transferred to the survivors' benefit reserve fund. Also, that section directs that if a member's accumulated deductions are not thus exhausted, the remainder is paid to the designated beneficiary. If the designated beneficiary had already received the full amount of the accumulated deductions under section 24-51-117(1), C.R.S. 1973, the legislature would not have directed that the remainder of the accumulated deductions be paid to the designated beneficiary under section 24-51-801, C.R.S. 1973.

Accordingly, the judgment is reversed, and the cause returned to the court of appeals for remand to the district court for entry of judgment for the defendant.

MR. JUSTICE HODGES does not participate.