### No. 79SC154 & 79SC173

**Public Employees Retirement Association, Carl S. Wilkerson, as Chairman of the Public Employees Retirement Association, and Scott Nichols v. Charlotte Nichols**

(615 P.2d 657)

Decided August 11, 1980.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Nathan B. Coats, Assistant Attorney General, for petitioners Public Employees Retirement Association and Carl S. Wilkerson.

Trott, Kunstle & Hughes, Howard Kunstle, for petitioner Scott Nichols

Brauer, Simons & Buescher, P.C., Walter C. Brauer III, for respondent.

*En Banc.*

JUSTICE LEE delivered the opinion of the Court.

We granted certiorari to review the decision of the court of appeals in *Nichols v. PERA,* 42 Colo. App. 302, 596 P.2d 406 (1979). We now reverse.

The parties stipulated to the facts. William J. Nichols was employed by the City of Colorado Springs at the time of his death in January 1976, and was a member of the Public Employees' Retirement Association (PERA). Nichols was survived by his widow, Charlotte Nichols, the respondent in this action, who was the designated beneficiary of Nichols' PERA account. He was also survived by his eighteen-year-old son, Scott Nichols (Scott). At the time of his father's death, Scott was unmarried and was working to earn money to attend college. He enrolled in an accredited college in September 1976.

The sole issue raised on appeal is whether a surviving child, who is between the ages of eighteen and twenty-three, must be a student in an accredited school at the time of the PERA member's death in order to qualify for survivor benefits under section 24-51-806, C.R.S. 1973.

The statute in effect at the time this action was initiated states in pertinent part:[1]

"If the said deceased member leaves an unmarried child under age eighteen, or under age twenty-three if such child is found by the board to be enrolled in a duly accredited school . . . such child shall receive an

---

[1] Section 24-51-806 was amended in 1977. See discussion *infra.*

annuity . . . . Any such annuity payable to a child shall terminate . . . upon graduation or the child's twenty-third birthday, whichever occurs first."

After a hearing, the board of directors of PERA concluded that Scott was entitled to receive survivor benefits as a student under age twenty-three enrolled in an accredited school. It ruled that if any sum remained in Nichols' retirement account upon termination of Scotts' eligibility it should be refunded to Charlotte Nichols. The board denied Charlotte Nichols' demand for a lump sum payment of all Nichols' accumulated PERA deductions.

Respondent sought review of the ruling of the board of directors in the district court, which affirmed the ruling. An appeal was then taken to the court of appeals, which reversed the district court.

The court of appeals held that the effective date for determination of eligibility for a surviving child under section 24-51-806, C.R.S. 1973, is the date of the member's death and therefore a surviving child who is eighteen years old must be a student in an accredited school at the time of the member's death in order to qualify for survivor's benefits. *Nichols v. PERA, supra.*

In reversing the ruling of the board of directors, the court of appeals relied on *PERA v. Greene,* 195 Colo. 575, 580 P.2d 385 (1978). In that case, this court recognized that section 24-51-117(1), C.R.S. 1973 (providing that a deceased member's accumulated deductions be paid to the designated beneficiary if the member had not received an annuity), and section 24-51-801, C.R.S. 1973 (requiring that a member's accumulated deductions be transferred to the survivors' benefit reserve fund when survivors' benefits are payable), "are inconsistent to the extent that each purports to establish a superior claim to a deceased members' accumulated deductions." *PERA v. Greene, supra.* This court reasoned that, since section 24-51-801 was enacted subsequent to section 24-51-117(1), it modified the designated beneficiary provision.

■ That rationale of *PERA v. Greene, supra,* also applies to this case. Part 8 of article 51 of title 24, C.R.S. 1973, providing for survivors' benefits, was enacted later in time than section 24-51-117(1), C.R.S. 1973. To the extent that there is a conflict, the last in time controls. As reasoned in *PERA v. Greene,* section 24-51-117(1) is modified by section 24-51-806. Thus, if Scott is among the class of individuals entitled to an annuity under section 24-51-806, his claim is superior to that of Charlotte Nichols.

The court of appeals recognized the principle of statutory construction employed in *PERA v. Greene.* However, it interpreted our statement in that case — "that the General Assembly intended a specific statutory disposition of a member's accumulated deductions to occur at death" — to mean that the circumstances at the time of the death of the member control the determination of eligibility of a surviving child who is eighteen

years old but under twenty-three years of age.[2]

We do not agree with the court of appeals that a surviving child, such as Scott, must be a student at the time of his parent's death in order to qualify for survivor benefits. In reaching this conclusion, we invoke the principles of statutory construction that the statutes relating to the disposition of a members' accumulated deductions on his death (section 24-51-117, C.R.S. 1973) and to survivors' benefits must be construed together and considered as a whole in order to give effect to the legislative intent as evidenced by the entire statutory scheme. *PERA v. Greene, supra; State Hwy. Comm. v. Haase,* 189 Colo. 69, 537 P.2d 300 (1975).

Part 8 of article 51 of the statute does not generally contemplate immediate payment of the entire amount of the deceased member's accumulated deductions. Rather, it provides for annuities to surviving widows, children, and dependent parents, based upon the enumerated eligibility requirements set forth in sections 24-51-803 to 24-51-807. *Compare* section 24-51-804 (widow becomes eligible "on or after her attainment of age sixty years . . . .") *and* section 24-51-805 (widow who has in her care children of the deceased member "shall receive an annuity . . . so long as there is one qualified child . . . . If the widow dies or remarries while having the care of such qualified child, such child shall receive an annuity . . . .").

We recognize that section 24-51-806 was amended subsequent to the initiation of this action. The amended statute reads in pertinent part:

" . . . If the said deceased member leaves an unmarried child under age eighteen or under age twenty-three if such child is found by the board to have been *enrolled on a full-time basis within six months subsequent to the date of the members' death* in a duly accredited school . . . ." Section 24-51-806, C.R.S. 1973 (1979 Supp.). (Emphasis added.)

Respondent contends that the statutory amendment demonstrates the prior legislative intent that no survivor benefits were to accrue to an eighteen-year-old who was not enrolled in a duly accredited school on the date of the member's death, since the amendment grants to the child an additional six months from the date of death in which to enroll in school. We do not agree. We conclude that section 24-51-806 was amended in order to establish a limited and definite time period within which a surviving child, who was not enrolled in school at the time of death, might enroll in school to take advantage of the educational benefit provided by the statute.[3] This interpretation is consistent with the legislative in-

---

[2] Although the court of appeals relies on this language from *PERA v. Greene* in support of a contrary conclusion, that language was incidental to the issue before the court then and thus is not binding on the court now. *Young v. The People,* 54 Colo. 293, 130 P. 1011 (1913); *Parker v. Plympton,* 85 Colo. 87, 273 P. 1030 (1929).

[3] We consider the statute to have been "open-ended" until at least the surviving child had attained the age of twenty-three years, at which time he lost all rights to a survivor's benefit. It was within the discretion of the General Assembly to require that the surviving child must elect to enroll in school within six months after the date of the death of the member.

tent implied in the companion provisions of part 8 of article 51, that the accumulated deductions of the deceased member should be held in a reserve fund to be applied to the benefit of the members' eligible dependants.

The statutory interpretation of the court of appeals would prevent any surviving child who was planning to enroll in school, but who was financially unable to do so and was not currently enrolled at the time of the members' death, from receiving survivor benefits. In our view, the legislature did not intend such a result.

We hold that the ruling of the board of directors of PERA awarding survivor benefits to Scott Nichols under section 24-51-806, C.R.S. 1973, was proper.

The judgment of the court of appeals is reversed.

JUSTICE ERICKSON does not participate.