**Jose C. ORTEGA, Petitioner,**

v.

**INDUSTRIAL COMMISSION OF COLORADO (Ex-Officio Unemployment Compensation Commission of Colorado) and Sacred Heart Home, Respondents.**

No. 83CA1170.

Colorado Court of Appeals, Div. I.

May 10, 1984.

R. Eric Solem, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for respondents.

BABCOCK, Judge.

Claimant, Jose C. Ortega, seeks review of a final order of the Industrial Commission disqualifying him from the receipt of unemployment compensation benefits pursuant to § 8–73–108(8), C.R.S. (1983 Cum. Supp.). We set aside the order.

Claimant applied for unemployment compensation benefits, alleging that he had been involuntarily discharged from his employment as a social worker following a disagreement with the employer. After a hearing, the referee found that claimant had become angry and quit his job as a result of criticism he received from the employer. The referee concluded that claimant resigned "for personal reasons" and applied the disqualifying provisions of § 8–73–108(8), C.R.S. (1983 Cum.Supp.). The Industrial Commission adopted and affirmed the findings and conclusions of the referee.

Claimant contends that the referee applied the wrong statutory section to his findings. We agree and, therefore, set aside the order.

Section 8–73–108(8), C.R.S. (1983 Cum. Supp.) provides:

"Any provision of this section to the contrary notwithstanding, an individual who quits his most recent employment *for reasons unknown to the division,* or for personal reasons which do not under other provisions of this section provide for an award of benefits, shall be denied any benefits attributable to such employment...." (emphasis added)

Two years after the enactment of this subsection, the General Assembly added § 8–73–108(5)(c), C.R.S. (1983 Cum.Supp.) which provides that a claimant's award of benefits shall be reduced by not less than twelve nor more than twenty-five times the claimant's weekly benefit amount if claimant's separation from employment resulted from:

"Quitting under conditions involving personal reasons which do not, under other provisions of this section, provide for an award of benefits."

Claimant argues that these subsections conflict. He reasons that under the rules of statutory construction, § 8–73–108(5)(c), C.R.S. (1983 Cum.Supp.) should be applied in every case where a claimant quits for personal reasons *known to the division* and not covered by other provisions of the unemployment statute.

Where apparent conflict exists between two statutory sections, a court must attempt to harmonize the statutes in order to give effect to the intent of the General Assembly. *State Highway Commission v. Haase,* 189 Colo. 69, 537 P.2d 300 (1975); *Gillies v. Schmidt,* 38 Colo.App. 233, 556 P.2d 82 (1976). To the extent the statutes cannot be harmonized, the statute enacted last in time controls. *Public Employees' Retirement Ass'n v. Greene,* 195 Colo. 575, 580 P.2d 385 (1978); *Lininger v. City of Sheridan,* 648 P.2d 1097 (Colo.App.1982).

Here, the two subsections prescribe potentially different consequences for identical factual situations. Thus, they present an apparent conflict. However, these two subsections can be harmonized by applying § 8–73–108(8), C.R.S. (1983 Cum.Supp.) in cases where the reasons for quitting are "unknown to the division" and by applying § 8–73–108(5)(c), C.R.S. (1983 Cum.Supp.) in all other cases involving a resignation for personal reasons. Moreover, the division so construed these two subsections prior to the effective date of § 8–73–108(5)(c), C.R.S. (1983 Cum.Supp.). This agency construction must be accorded great deference by this court. *See Travelers Indemnity Co. v. Barnes,* 191 Colo. 278, 552 P.2d 300 (1976).

By adopting this construction, we give effect to both statutes. Therefore, we hold that in every case in which a claimant

quits for personal reasons which are known to the division and which do not fall under other provisions of the unemployment statute, § 8–73–108(5)(c), C.R.S. (1983 Cum. Supp.), which was enacted later in time, applies.

█ There is no merit to the Industrial Commission's argument that § 8–73–108(8) was properly applied here. The referee's findings of fact, which are supported by the record, establish that the reason claimant quit was known to the division.

The order is set aside and the cause is remanded to the Industrial Commission with directions to apply the provisions of § 8–73–108(5)(c) and to determine the amount of reduction in claimant's benefits based upon the existing record.

PIERCE and STERNBERG, JJ., concur.