Mr. Steven Berson Acting Director Department of Revenue State of Colorado 486 Capitol Annex 1375 Sherman Street Denver, Colorado 80261
Dear Mr. Berson:
This opinion letter is in response to your July 22, 1987, letter in which you inquired about licensing a person who is in the business of assisting or representing a consumer in a motor vehicle purchase.
QUESTION PRESENTED AND CONCLUSION
Your request for an Attorney General's Opinion presents this question:
Whether a person who is in the business of assisting or representing a consumer in finding, negotiating and/or purchasing a motor vehicle, who has no interest in the vehicle itself, and no business relation to the seller of the vehicle, and who receives no compensation or benefit from anyone other than the consumer, is required to be licensed as a motor vehicle dealer, salesman, or wholesaler.
No.
ANALYSIS
Whether a consumer auto agent must be licensed as a dealer, salesman, or wholesaler, is resolved by a consideration of the Automobile Dealer Statute, sections 12-6-101 through 124, C.R.S. (1985). The language of that statute must be construed according to its plain meaning. Clark v. Town of Estes Park,686 P.2d 777, 779 n. 5 (Colo. 1984). If the statute's language is ambiguous, however, its meaning may be ascertained by considering, among other things: the object and the legislative declaration of purpose of that statute; the consequences of particular constructions; and the context in which such language is used. Section 2-4-203, C.R.S. (1980); Public EmployeesRetirement Ass'n v. Green, 195 Colo. 575, 580 P.2d 385, 387
(1978); Travelers Indem. Co. v. Barnes, 191 Colo. 278,552 P.2d 300, 303 (1976).
Statutes, after all, must be construed in such a manner "that the true intent and meaning of the General Assembly may be fully carried out." Section 2-4-212, C.R.S. (1980).
A. Dealer
Sections 12-6-102(13) and (17), C.R.S. (1985), define "motor vehicle dealer" and "used motor vehicle dealer." The language of the two provisions is identical, except that the former provision applies to transactions involving "new or new and used cars," while the latter applies only to transactions involving "used cars." In each instance, they define a dealer, in pertinent part, as
 [a]ny person who, for commission or with intent to make a profit or gain of money or other thing of value, sells, exchanges, rents with option to purchase, offers, or attempts to negotiate a sale or exchange of an interest in . . . motor vehicles
or who is engaged wholly or in part in the business of selling . . . motor vehicles, whether or not such motor vehicles are owned by such person. . . .
(Emphasis added.)
Arguably, the emphasized language means that a consumer auto agent is a dealer if he or she negotiates or attempts to negotiate for a consumer a purchase or exchange of an interest in a new or used motor vehicle. For the reasons set forth below, I disagree.
The emphasized language of the two subsections provides that a dealer is one who, among other things, "attempts to negotiate a sale or exchange. . . ." Significantly, the term "exchange" appears in close proximity to the word "sale," rather than to the word "purchase." Indeed, the word "purchase" is not even listed as a dealer act. In addition, the last part of the first sentence of each subsection indicates expressly that a dealer is one who is "engaged . . . in the business of selling . . . motor vehicles . . . ." The next two sentences of each subsection likewise expressly emphasize the "sale" function.
No Colorado case addresses this issue. However, the Arizona Supreme Court recognized that nearly identical statutory language "encompassed the business of selling used cars." CommercialStandard Ins. Co. v. West, 74 Ariz. 359, 249 P.2d 830, 832
(1952) (emphasis added). By the same reasoning, the "attempts to negotiate" language in question here represents only part of one's activities in selling to the public on terms most favorable and profitable to himself. This is confirmed further by resort to legislature's declaration of policy.
Section 12-6-101(1)(a), C.R.S. (1985) expressly emphasizes that the licensing law seeks to benefit persons who purchase from retail dealers. Section 12-6-101(1)(c), C.R.S. (1985) specifically emphasizes protection of consumer purchasers. This benefit and protection are directed against sellers and distributors; the statute does not seek to protect consumers against themselves.
Significantly, a consumer auto agent does not sell at all and does not purchase, exchange, or negotiate for himself. Rather he purchases, exchanges, or negotiates (or assists in the same) solely for a consumer, to facilitate purchase on terms most favorable to the consumer. See section 12-6-102(13) and (17), C.R.S. (1985); compare Commercial StandardIns. Co., supra. Because the consumer auto agent further benefits and protects the consumer, and in doing so is adverse to sellers and other auto industry persons, his regulation as a dealer under the statute would be unreasonable and illogical.[1]
B. Salesman
A "motor vehicle salesman" is defined as one who is "employed either directly or indirectly, regularly or occasionally, by any motor vehicle dealer, to sell, purchase, or exchange, or to negotiate for the sale, purchase, or exchange of motor vehicles." Section 12-6-102(14), C.R.S. (1985). In contrast, the consumer auto agent acts only, and always, exclusively as agent for the purchaser. He has no interest in and receives no benefit from the contemplated purchase, other than the consumer's fee. He is adverse in interest to the dealer. Compare,e.g., United Buying Services, Inc. v. StateDepartment of Revenue, 37 Colo. App. 465, 548 P.2d 1286
(1976). He would not, then, fall within the definition of "salesman" any more than within the definition of "dealer."
C. Wholesaler
A wholesaler is defined as:
 [a] person who, for commission or with intent to make a profit or gain of money or other thing of value, sells, exchanges, or offers or attempts to negotiate a sale or exchange of an interest in new or new and used motor vehicles solely to motor vehicle dealers or used motor vehicle dealers.
Section 12-6-102(18), C.R.S. (1985) (emphasis added).
Significantly, a wholesaler only sells, and does not buy; and, he sells only to dealers. A consumer auto agent is concerned with buying, not selling, and with buying from anyone, not merely from dealers. He would not, then, qualify as a "wholesaler."
SUMMARY
A person engaged in the activity described here as that of a consumer auto agent is not a dealer, salesman, or wholesaler, within the meaning of the Automobile Dealer Statute, and consequently is not subject to licensing in order to engage in that activity. However, the Dealer Licensing Board may reasonably utilize its authority to abate unlicensed motor vehicle dealing, selling, wholesaling, etc., sections 12-6-101(1)(c) and 104(3)(f), C.R.S. (1985), in order to prevent purported consumer auto agents from crossing over into unlicensed, regulated activity.
Sincerely,
 DUANE WOODARD Attorney General
PROFESSIONAL LICENSES MOTOR VEHICLES LICENSES BROKERS-DEALERS
Section 12-6-101, C.R.S. (1985) Section 12-6-102, C.R.S. (1985) Section 12-6-111, C.R.S. (1985) Section 12-6-117, C.R.S. (1985)
MOTOR VEHICLE DEALER LICENSING BOARD
A person who is in the business of assisting or representing a consumer in finding, negotiating and/or purchasing a motor vehicle from a licensed motor vehicle dealer is not required to be licensed as a motor vehicle dealer, salesman, or wholesaler.
[1] In addition, regulation of the consumer auto agent as a dealer would be financially burdensome and potentially self-defeating, given the requirements placed on dealers by statute, e.g., obtaining a bond and having substantial facilities, sections 12-6-111 and 117, C.R.S. (1985).