STATE DEPARTMENT OF HIGHWAYS, DIVISION OF HIGHWAYS, State of Colorado, Petitioner–Appellant,

v.

INTERSTATES–DENVER WEST, Respondent–Appellee.

No. 88CA1150.

Colorado Court of Appeals, Div. I.

Sept. 7, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Thomas W. Gibb, Asst. Atty. Gen., Denver, for petitioner-appellant.

Faegre & Benson, Joseph M. Montano and Leslie A. Fields, Denver, for respondent-appellee.

Opinion by Judge PIERCE.

In this condemnation action, petitioner, State Department of Highways (State), challenges the trial court's calculation of prejudgment interest. We affirm.

## I.

Petitioner first contends that the trial court erred in calculating part of the prejudgment interest on an annual compounded basis. We disagree.

A statute must be construed in context of the act as a whole to give it a consistent, harmonious, and sensible effect. *Travelers Indemnity Co. v. Barnes*, 191 Colo. 278, 552 P.2d 300 (1976). Also, the statute must be viewed in light of the entire statutory scheme. *Public Employee's Retirement Ass'n v. Greene*, 195 Colo. 575, 580 P.2d 385 (1978).

Section 38–1–116, C.R.S. (1988 Cum. Supp.) provides that the interest rate to be applied in a condemnation action is that established pursuant to § 5–12–106(2), C.R.S. (1988 Cum.Supp.). Section 5–12–106(2)(a), C.R.S. (1988 Cum.Supp.) provides that the applicable rate of interest is that which is certified by the Secretary of State to be two percentage points above the discount rate. Neither this subsection nor § 38–1–116 specifically state that interest is to be compounded annually.

However, § 5–12–106(2)(b), C.R.S. (1988 Cum.Supp.) provides that the rate of interest "shall be no lower than the percentage authorized in section § 5–12–102(4)(b)" which is eight percent per annum *compounded annually*. Thus, we conclude that § 38–1–116 implicitly provides that interest be compounded annually.

## II.

Petitioner next contends that the trial court erred in applying the interest rate provided for in § 38–1–116, C.R.S. (1988

Cum.Supp.) from the effective date of that amendment. We disagree.

*Thirteenth Street Corp. v. A–1 Plumbing & Heating Co.*, 640 P.2d 1130 (Colo. 1982) is dispositive of this issue. There, the argument set forth by petitioner was expressly rejected.

### III.

Petitioner further contends that the trial court erred in ordering that interest would accrue while resolution of this condemnation action was delayed by proceedings held in a related quiet title action. However, as this issue was not raised with the trial court, it will not be considered on appeal. *Christensen v. Hoover*, 643 P.2d 525 (Colo.1982).

We find petitioner's remaining contention to be without merit.

Judgment affirmed.

JONES and NEY, JJ., concur.