UNITED STATES FIDELITY & GUAR-
ANTY COMPANY, as Subrogee of J.
Scott Brown and Mary B. Brown,
Plaintiff–Appellee,

v.

SALIDA GAS SERVICE COMPANY,
Defendant–Appellant.

No. 88CA1289.

Colorado Court of Appeals,
Div. I.

Dec. 21, 1989.

Dickson, Everstine, Kelly &
Prud'Homme, Michelle Prud'Homme, Den-
ver, for plaintiff-appellee.

Elder & Phillips, P.C., Keith Boughton,
Grand Junction, for defendant-appellant.

Opinion by Judge METZGER.

Defendant, Salida Gas Service Company,
appeals the judgment finding it negligent
for a gas explosion which destroyed the
house of the subrogor of plaintiff, United
States Fidelity & Guaranty Company
(U.S.F. & G.). We affirm in part, reverse
in part, and remand with directions.

In 1983, the Browns purchased a house
in Crested Butte. In 1984, they hired Rick
Lambert to remodel the property. During
remodeling, Lambert moved the propane
gas meter from a protected place on the
porch to the north side of the house.
Crested Butte Plumbing Company then
connected the piping from the gas meter to
the house. At all times relevant here, the
gas meter and piping were owned by Salida
Gas.

In 1986, the Brown's property was destroyed by a propane gas explosion. U.S.F. & G. paid them $121,578.09 for property damage pursuant to their insurance policy. U.S.F. & G. then initiated this action as subrogee of the Browns against Salida Gas and Crested Butte Plumbing Company.

Before trial, U.S.F. & G. accepted Crested Butte Plumbing's offer of judgment for $5,000, and dismissed it from the lawsuit. Salida Gas then designated several non-parties having fault, including Lambert and Crested Butte Plumbing.

At trial, the jury found Salida Gas to be 60 percent negligent and Lambert 40 percent negligent. It further found that Crested Butte Plumbing was not negligent. After the verdict, Salida Gas moved to reduce the damages by $5,000, the amount of the settlement reached between U.S.F. & G. and Crested Butte Plumbing. The trial court denied the motion and this appeal followed.

## I.

Salida Gas initially contends that the trial court committed reversible error when it refused to inform the jury of the settlement between U.S.F. & G. and Crested Butte Plumbing Company. However, Salida Gas has failed to provide us with any record concerning this allegation. Consequently, we must presume that the trial court's determination was correct. *Herrera v. Anderson*, 736 P.2d 416 (Colo.App. 1987). *See also Greenemeier v. Spencer*, 719 P.2d 710 (Colo.1986).

## II.

Salida Gas next contends that the instructions defining its requisite duty of care were erroneous. We find no error.

■ Liquid propane gas is a dangerous substance that must be handled with care and caution commensurate with its dangerous character. *Grange Mutual Fire Insurance Co. v. Golden Gas Co.*, 133 Colo. 537, 298 P.2d 950 (1956). If an alleged tortfeasor is engaged in the business of supplying propane gas, the jury must be instructed that the highest degree of care is required for the distribution of propane. *Blueflame Gas, Inc. v. Van Hoose*, 679 P.2d 579 (Colo.1984).

■ The record shows that the explosion was caused by a leak of propane gas in the high pressure piping connected to the meter outside the house. The gas was trapped against the house by snow, and collected in the crawl space, where it was ignited by the furnace pilot light. Salida Gas owned all distribution equipment up to and including the gas meter, and had the responsibility to maintain that equipment. Since the pipe that was the source of the leak was distribution equipment, the trial court did not err by instructing the jury that Salida Gas owed the highest degree of care. *Metropolitan Gas Repair Service, Inc. v. Kulik*, 621 P.2d 313 (Colo.1980).

## III.

■ Salida Gas also contends that the trial court erred in instructing the jury on the doctrine of *res ipsa loquitur*. Again, we find no error.

Under that doctrine, a rebuttable presumption of a defendant's negligence arises if the plaintiff's circumstantial evidence shows that: (1) the event is the kind which ordinarily does not occur in the absence of negligence; (2) responsible causes other than the defendant's negligence are sufficiently eliminated by the evidence; and (3) the negligence is within the scope of the defendant's duty to the plaintiff. *Holmes v. Gamble*, 655 P.2d 405 (Colo. 1982).

Here, there is evidence to support the trial court's giving of the *res ipsa loquitur* instruction. The parties agree that this gas explosion would not have occurred in the absence of negligence. The record shows that other causes were sufficiently eliminated by the passage of time, since almost two years had passed from the time Lambert had moved the meter. And, it is uncontroverted that, at the time of the accident, Salida Gas had exclusive control over the transmission pipes and meter. Therefore, we conclude that the trial court was correct in giving an instruction on *res ipsa loquitur*.

## IV.

■ Salida Gas finally contends that the trial court erred in not applying § 13–21–111.6, C.R.S. (1987 Repl.Vol. 6A), arguing that that statute mandates a reduction of U.S.F. & G.'s damage award by the amount of the settlement with Crested Butte Plumbing. U.S.F. & G. contends that the trial court properly rejected Salida Gas' contention, and correctly determined that § 13–50.5–105, C.R.S. (1987 Repl.Vol. 6A) applied to the facts of this case. We agree with Salida Gas that the trial court applied the wrong statute.

Section 13–21–111.6, C.R.S. (1987 Repl. Vol. 6A) was enacted in 1986, several years after the promulgation of § 13–50.5–105, C.R.S. (1987 Repl.Vol. 6A). Thus, as the last in time, it should control. *Public Employees Retirement Ass'n v. Nichols*, 200 Colo. 328, 615 P.2d 657 (1980).

Also, we conclude that the language of the statute compels this result. A statute must be read and considered as a whole in order to ascertain the legislative intent in passing it. *People v. District Court*, 713 P.2d 918 (Colo.1986). Every word of a statute must be given effect, to the extent possible, consistent with the intent and purpose of the General Assembly. *Johnston v. City Council*, 177 Colo. 223, 493 P.2d 651 (1972).

In pertinent part § 13–21–111.6 provides: "In any action by a person ... to recover damages for a tort resulting in death or injury to person or property, the court, after the finder of fact has returned its verdict stating the amount of damages to be awarded, shall reduce the amount of the verdict by the amount by which such person ... has been ... indemnified or compensated for his loss by any other person, corporation, insurance company, or fund in relation to the injury, damage, or death sustained...."

The statute contains no requirement that the compensation be made only by any other tortfeasor. Rather, it explicitly provides merely that the compensation must have been rendered "in relation to the injury or damage sustained." Salida Gas concedes that the settlement with Crested Butte Plumbing related to the damage sustained by the Browns. Thus, we cannot modify the statute so as to render it applicable only to payments by tortfeasors.

Additionally, our examination of the legislative history of § 13–21–111.6 leads us to conclude that the General Assembly intended that contributions from non-tortfeasors be offset.

As Senator Hefley noted during consideration of the proposed § 13–21–111.6, its purpose is to prevent double recovery by the injured party. Thus, he stated, money obtained from a collateral source should be offset because the injured party has been made partially whole. Tape Recording of Testimony before Senate Business and Labor Committee on Senate Bill 67, February 18, 1986, 55th General Assembly. The only exceptions to this collateral source section of the statute are those payments received from persons or entities who have subrogation rights against the tortfeasor. *See* Tape Recording of Testimony before Senate Business and Labor Committee on Senate Bill 67, February 19, 1986, 55th General Assembly (testimony by Robert Turner, representing State Compensation Major Medical Fund).

Here, there is no evidence that the $5,000 settlement paid by Crested Butte Plumbing was expended by one who had subrogation rights against a tortfeasor. Thus, the language of § 13–21–111.6, C.R.S. (1987 Repl. Vol. 6A), coupled with the legislative intent as articulated in the Senate hearings, leads us to conclude that no determination of liability is required to trigger an offset. Therefore, the trial court erred in refusing to order a setoff of $5,000 from the total judgment.

The portion of the judgment disallowing the setoff is reversed, and the cause is remanded for entry of an amended judgment allowing the setoff. In all other respects, the judgment is affirmed.

PIERCE and REED, JJ., concur.