**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Curtis HEITZMAN, Defendant–Appellant. (Two Cases)**

**Nos. 92SA156, 92SA157.**

Supreme Court of Colorado,
En Banc.

May 10, 1993.

Rehearing Denied June 7, 1993.

---

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Robert M. Petrusak, and Laurie A. Booras, Asst. Atty. Gen., Denver, for plaintiff-appellee in No. 92SA156.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., and Robert M. Petrusak, Asst. Atty. Gen., Denver, for plaintiff-appellee in No. 92SA157.

David F. Vela, Colorado State Public Defender, and Martin Gerra, Deputy State Public Defender, Denver, for defendant-appellant in Nos. 92SA156 and 92SA157.

Justice LOHR delivered the Opinion of the Court.

We have consolidated for the purpose of issuing a single opinion two separate cases in which the defendant, Curtis Heitzman, appeals from orders of the Jefferson County District Court denying his motions under Crim. P. 35(c) to vacate judgments of conviction entered against him for felony offenses. The district court ruled in each case that the defendant's motion was not filed within the time period prescribed by section 16–5–402, 8A C.R.S. (1986), and therefore was barred. On appeal the defendant challenges the applicability and constitutional sufficiency of that statute. He also asserts that if section 16–5–402 does apply, the district court erred in concluding that he had failed to show "justifiable excuse or excusable neglect" for the filing delays so as to except his motions from the time limitations of the statute by its own terms. We reject the defendant's arguments that section 16–5–402 is either inapplicable or constitutionally insufficient. We reverse the district court's orders, however, and remand the cases to that court for further proceedings to determine whether the late filings were based upon justifiable excuse or excusable neglect under the standards set forth today in *People v. Wiedemer,* 852 P.2d 424 (Colo.1993).

I

A

Case number 92SA156 arose in 1978 when the defendant was charged in Jefferson County District Court with the crime of conspiracy to commit aggravated robbery. *See* §§ 18–2–201, 18–4–402, 8 C.R.S. (1973). Based upon a plea agreement, that charge was dismissed and the defendant pleaded guilty to a charge of robbery under section 18–4–301, 8 C.R.S. (1973). A judgment of

conviction entered against him on July 24, 1978, and he was sentenced to an indeterminate term not to exceed ten years at the Colorado State Reformatory.

Thirteen years later, on July 8, 1991, the defendant filed a motion in Jefferson County District Court pursuant to Crim. P. 35(c) seeking to vacate this 1978 judgment. In support of his claim that he was entitled to the relief sought, he averred that rights guaranteed to him by the United States Constitution, the Colorado Constitution, and the Colorado Rules of Criminal Procedure were violated in the proceedings that led to the acceptance of his plea.

### B

Case number 92SA157 arose in 1980 when the defendant was charged in Jefferson County District Court with the crime of escape, § 18–8–208, 8 C.R.S. (1973), based on the allegation that he escaped from custody while being held for and charged with robbery. As a result of a plea bargain, the prosecution dismissed the escape charge and added a felony charge of attempted escape, § 18–8–208.1(2), 8 C.R.S. (1973). The defendant pleaded guilty to this latter crime and was sentenced to the custody of the department of corrections for a term of one year pursuant to a judgment of conviction entered against him on October 27, 1980.

The defendant filed a Crim. P. 35(c) motion in Jefferson County District Court on July 5, 1991, seeking to vacate this judgment. As grounds for the relief requested, the defendant asserted the same types of violations of his rights under the federal and state constitutions and rules of civil procedure that he raised in his challenge to his 1978 conviction for robbery.

### C

The district court held a consolidated hearing on the Crim. P. 35(c) motions in the two cases. Before the defendant could testify, however, the prosecutor asked that the motions be denied because neither was filed within the time limitations set forth in section 16–5–402(1), 8A C.R.S. (1986),[1] with the result that they were barred by the terms of that statute. The court heard argument on the applicability and constitutionality of section 16–5–402. It determined that the statute applied to the defendant's motions and rejected his constitutional challenges to such an application. Defense counsel then asserted that the de-

---

1. § 16–5–402 provides:

(1) Except as otherwise provided in subsection (2) of this section, no person who has been convicted under a criminal statute of this or any other state of the United States shall collaterally attack the validity of that conviction unless such attack is commenced within the applicable time period, as provided in this subsection (1), following the date of said conviction:

| | |
|---|---|
| All class 1 felonies: | No limit |
| All other felonies: | Three years |
| Misdemeanors: | Eighteen months |
| Petty offenses: | Six months |

(2) In recognition of the difficulties attending the litigation of stale claims and the potential for frustrating various statutory provisions directed at repeat offenders, former offenders, and habitual offenders, the only exceptions to the time limitations specified in subsection (1) of this section shall be:

(a) A case in which the court entering judgment of conviction did not have jurisdiction over the subject matter of the alleged offense;

(b) A case in which the court entering judgment of conviction did not have jurisdiction over the person of the defendant;

(c) Where the court hearing the collateral attack finds by a preponderance of the evidence that the failure to seek relief within the applicable time period was caused by an adjudication of incompetence or by commitment of the defendant to an institution for treatment as a mentally ill person; or

(d) Where the court hearing the collateral attack finds that the failure to seek relief within the applicable time period was the result of circumstances amounting to justifiable excuse or excusable neglect.

(3) If the judgment of conviction to which any collateral attack is directed was sustained upon review by a court of appellate jurisdiction in the state where the judgment was entered, no collateral attack on such judgment shall be permitted whether commenced within or outside the time limitations set forth in subsection (1) of this section, unless said collateral attack is based upon an opinion of the court of last resort subsequently announced in the state where the judgment was entered, which opinion is given retroactive effect in a manner invalidating the conviction.

fendant's delay in filing his Crim. P. 35(c) motions resulted from justifiable excuse or excusable neglect and that the motions were therefore excepted from the time bar of the statute by section 16–5–402(2)(d). The district court entertained defense counsel's offer of proof on this issue, ruled that excusable neglect had not been established, and consequently denied the Crim. P. 35(c) motions. The defendant appealed in each of the two cases.

## II

On appeal the defendant contends that section 16–5–402 must be construed so as not to apply to Crim. P. 35(c) motions. He argues that such a construction is necessary to give effect to the plain meaning of the statutory words, to harmonize the statute with section 18–1–410, 8B C.R.S. (1986), to preserve its constitutional validity, to observe appropriate distinctions between direct and collateral attacks, and because the contrary construction is unnecessary to prevent untimely or repetitious challenges to judgments of conviction. The defendant also argues that if his proposed construction is not adopted, section 16–5–402 is facially unconstitutional because it violates the separation of powers doctrine as well as the rights to habeas corpus, due process, and equal protection of the laws. We considered and rejected all but two contentions encompassed within the defendant's foregoing arguments in *Wiedemer*. For the reasons stated in that opinion, we reject the arguments that were made in that case here as well. The defendant, however, presents two reasons that were not raised in *Wiedemer* against construing section 16–5–402 to apply to Crim. P. 35(c) motions. We first address these reasons and then consider how the defendant's additional contention that he satisfied the statute's justifiable excuse or excusable neglect exception should be resolved.

## A

■ The defendant contends first that we should construe section 16–5–402 as inapplicable to Crim. P. 35(c) motions be-

cause the contrary construction would bring subsection (3) of the statute into irreconcilable conflict with section 18–1–410, 8B C.R.S. (1986). Subsection (3), set forth in note 1 above, precludes a collateral challenge to a prior felony conviction without regard to whether it is brought within the statute's limitation period if the judgment of conviction has been affirmed on appeal. The only exception to this restriction is if a "court of last resort" later announces and gives retroactive effect to a rule that would invalidate the prior conviction. In contrast, section 18–1–410(1) provides that a person convicted of a crime has a right to apply for postconviction review "[n]otwithstanding the fact ... that a judgment of conviction was affirmed upon appeal." We agree that an irreconcilable conflict between these statutes exists and therefore hold, pursuant to ordinary principles of statutory construction, that section 16–5–402 prevails as the later enacted statute over section 18–1–410. *See M.S. v. People*, 812 P.2d 632, 637 (Colo.1991) (courts must attempt to reconcile statutes whenever possible so as to give effect to each but where there is an irreconcilable conflict, the later enacted will prevail); *accord Public Employees Retirement Ass'n v. Nichols*, 200 Colo. 328, 330, 615 P.2d 657, 658 (1980).

■ In his next argument the defendant urges us to hold that section 16–5–402 violates due process of law because subsection (3) of that statute does not provide an adequate opportunity for a person whose judgment of conviction has been sustained on appeal to challenge the constitutional validity of that conviction. Based on our determination that subsection (3) is severable from the two other provisions of section 16–5–402 that are directly implicated in these cases and the fact that the defendant has made no showing that he is affected by the alleged unconstitutionality of subsection (3), we conclude that he lacks standing to challenge the validity of section 16–5–402 because of any constitutional infirmity in that subsection and therefore decline to consider the merits of his argument.

Upon examination of the structure of section 16–5–402, we are satisfied that sub-

section (3) is severable from the two subsections of the statute that are at issue in these cases. Under section 2–4–204, 1B C.R.S. (1980),

> [i]f any provision of a statute is found by a court of competent jurisdiction to be unconstitutional, the remaining provisions of the statute are valid, unless it appears to the court that the valid provisions of the statute are so essentially and inseparably connected with, and so dependent upon, the void provision that it cannot be presumed the legislature would have enacted the valid provisions without the void one; or unless the court determines that the valid provisions, standing alone, are incomplete and are incapable of being executed in accordance with the legislative intent.

Considering section 16–5–402 as a whole, subsections (1) and (2) are not so connected with or dependent upon subsection (3) that we cannot presume the legislature would have enacted them without that latter subsection. Nor are we persuaded that if subsection (3) were determined to be unconstitutional, subsections (1) and (2) of the statute would be rendered incomplete and incapable of being executed in accordance with the legislative intent. We therefore conclude that subsection (3) is severable from the rest of section 16–5–402.

We are also satisfied that subsection (3) has no application to this proceeding. The defendant's conviction was never appealed and therefore was never sustained by a court of appellate jurisdiction. The district court rejected the defendant's constitutional challenges to his conviction solely on the basis that the time limitations of section 16–5–402(1) had expired. Because the defendant has not asserted that he is affected by the alleged constitutional defect of subsection (3), we conclude that he lacks standing to raise this argument as a challenge to the constitutionality of section 16–5–402. *See People v. Brown*, 632 P.2d 1025, 1026–27 (Colo.1981) (a defendant lacks standing to challenge the constitutionality of a statute if he is not affected by the alleged constitutional defect); *People v. Stage*, 195 Colo. 110, 112, 575 P.2d 423, 424 (1978) ("a person to whom a statute may constitution-

ally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the court"). Although in *Brown*, 632 P.2d at 1027, we proceeded for purposes of judicial efficiency and economy to address a defendant's constitutional claim even though he lacked standing to assert the claim, we believe the better approach in this case is to defer consideration of the validity of section 16–5–402(3) until the issue is presented by one whose rights are affected and who has an interest in challenging the statute. *See Flank Oil Co. v. Tennessee Gas Transmission Co.*, 141 Colo. 554, 561, 349 P.2d 1005, 1009 (1960) (stating that "constitutional questions must be presented in sharp focus by parties whose interests are actually affected by the questioned statutory provision"). We therefore decline to address whether subsection (3) violates due process when properly construed. Having addressed and rejected all of the defendant's arguments that section 16–5–402 does not apply to Crim. P. 35(c) motions and that such a construction is necessary to maintain the statute's constitutionality, we turn to the defendant's claim that his motions are excepted under section 16–5–402(2)(d) from the bar of time limitations.

### B

■ The defendant asserts that the district court erred by concluding in each of the cases that he failed to show justifiable excuse or excusable neglect under section 16–5–402(2)(d) so as to except his motions from the time bar of section 16–5–402(1). Section 16–5–402(1), set forth in note 1 above, imposes a three-year limitation period during which defendants may collaterally attack their felony convictions. In *People v. Fagerholm*, 768 P.2d 689, 693 (Colo. 1989), we construed the statute to include a grace period of five years from its effective date during which persons with convictions antedating the statute by more than the applicable limitations period could institute their challenges. Because neither of the defendant's convictions falls within this

category,[2] we assume for purposes of resolving these cases that he had only three years from the date of entry of each judgment to institute a challenge to the convictions unless his failure to do so resulted from justifiable excuse or excusable neglect.

In *Wiedemer*, 852 P.2d at 440–42, we set forth the test by which a defendant's claim of justifiable excuse or excusable neglect under section 16–5–402(2)(d) is to be evaluated. Because this exception originated as a means of curing the constitutional infirmity of section 16–5–402 identified in *People v. Germany*, 674 P.2d 345 (Colo.1983), we determined that whether a particular defendant falls within its scope depends upon a balancing of the "accused person's interest in ensuring that an unconstitutional conviction is not used against him, society's interests in maintaining the integrity of the criminal justice system, and the State's interests in preserving the finality of criminal convictions and in implementing statutes requiring enhanced sentences for habitual offenders." *Wiedemer*, 852 P.2d at 440. We determined further that these interests must be weighed so as to give effect to the "overriding concern" of affording the defendant a meaningful opportunity to challenge the constitutional validity of his prior convictions in order to ensure that the application of the time bar of section 16–5–402 would not deprive him of his right to due process of law. *Id.* at 441.

We then listed several factors that affect the strength of these various interests and that must therefore be considered in determining whether justifiable excuse or excusable neglect exists in a particular case. *Id.* at 441–42. Specifically, we pointed to the existence of circumstances or outside influences that may have prevented the defendant's challenge, whether the defendant, with reason to question the constitutionali-

ty of a conviction, investigated its validity and took advantage of opportunities to obtain relief, whether he had any prior need to institute a challenge, whether he either knew that the conviction was invalid or had reason to question its validity, and whether he had been able to prevent the government's use of the conviction without needing to pursue postconviction relief under Crim. P. 35(c). We also determined that the length of time between the defendant's conviction and his challenge to it as well as the effect that passage of this time has on the State's ability to defend against the challenge are relevant factors that must be considered.

The question of whether a defendant qualifies for the justifiable excuse or excusable neglect exception is a question of fact ordinarily to be resolved by the trial court. *Wiedemer*, 852 P.2d at 442; *see Swainson v. People*, 712 P.2d 479, 481 (Colo.1986). The district court did not have the benefit of the standards set forth in *Wiedemer* for evaluating a claim of justifiable excuse or excusable neglect when it denied the defendant's Crim. P. 35(c) motions. We therefore believe it appropriate to remand these cases to enable that court to address the defendant's claims by applying the correct standards.

## C

The defendant makes the additional argument that if the time limitation of section 16–5–402(1) is determined to apply to his cases then the statute is unconstitutional as applied to him. We disagree with this form of analysis. The reason for weighing the various interests, with the primary concern that defendants not be barred from challenging the constitutionality of a prior conviction without having been afforded a "meaningful opportunity" to institute their challenges, is to prevent the statute from being applied in a manner that would vio-

**2.** The effective date of the statute was July 1, 1981. Because the defendant's convictions were entered within the three-year period preceding this date, we assume that the defendant did not have the additional five years afforded by *Fagerholm* to file his challenge. Even if he had the benefit of this additional time, however, there is no dispute that his motions were filed outside of the grace period. Thus, our assumption entitles the defendant the greatest benefit in terms of assuring that the application of the time bar in these cases does not violate his right to due process of law.

late due process of law. The justifiable excuse or excusable neglect exception was adopted for the specific purpose of preventing such an unconstitutional result. Implicit in any finding that the statutory exception is not satisfied in a particular case is the conclusion that, acting as a bar to a defendant's claims, the statute is not unconstitutional as applied.

## III

We conclude that the defendant's arguments concerning the construction and constitutional sufficiency of section 16–5–402 are not well taken. We determine, however, that further proceedings in the district court are necessary in order to determine whether circumstances surrounding the defendant's delays in seeking relief from his 1978 and 1980 convictions qualified either or both of his challenges for the justifiable excuse or excusable neglect exception found in section 16–5–402(2)(d). We therefore reverse the orders of the district court and remand these cases to that court for further proceedings consistent with this opinion.

VOLLACK, J., does not participate.