The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

**Mack Willie THOMAS,** Defendant–Appellant.

**No. 86CA1550.**

Colorado Court of Appeals, Div. II.

Nov. 25, 1988.

Rehearing Denied Jan. 5, 1989.

Certiorari Granted (Thomas) March 13, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen.; Clement P. Engle, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Jaydee K. Bachman, Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant, Mack Willie Thomas, appeals the judgment of conviction entered upon a jury verdict of two counts of sexual assault on a child. We remand for specific findings.

The victims were defendant's daughter, age 3 at the time of the alleged acts, and a 4 year-old neighbor boy. Prior to trial, the court granted the People's request that the court utilize the provisions of § 18–3–413, C.R.S. (1986 Repl.Vol. 8B) and allow the admission of videotape depositions of the victims in lieu of trial testimony. Although defendant generally objected to a videotape interview of the children, the record reflects that once the trial court ordered a videotape deposition of the children to be conducted, it allowed the parties to decide the details of the procedure that they would use to examine the children.

The parties agreed that each side would use an investigator or therapist experienced in dealing with children to conduct their respective questioning. During the examination, defendant, as agreed, was able to communicate with his chosen investigator by providing him with a list of questions prior to the deposition, and by pushing written notes under the door to the examination room during the deposition. The trial judge and his clerk were present in an adjoining room during part, but not all, of the deposition. Prior to the start of the deposition, the court decided that it would reserve ruling on any objections that might arise during the questioning. Later, but prior to use of the video deposition tapes at trial, the court conducted a hearing for the purpose of ruling on objections, and editing the depositions, when necessary.

### I.

Defendant first asserts that the trial court's application of the statute permitting videotape deposition of the child victims denied him his constitutional right of confrontation. He disagrees with the court's determination that the children were unavailable to testify and contends that, to satisfy a defendant's confrontation rights, the state must demonstrate the near impossibility of in-court testimony.

### A.

Section 18–3–413, C.R.S. (1986 Repl.Vol. 8B) provides that, if the victim of an alleged first degree sexual assault is a child less than fifteen years of age, then the

prosecution may apply to the court for an order that a videotape deposition be taken of the victim's testimony.

■ Pursuant to that statute, the court must make a preliminary finding whether, at the time of trial, the victim is "likely to be medically unavailable or otherwise unavailable within the meaning of [CRE 804(a) ]." Section 18–3–413(3), C.R.S. (1986 Repl.Vol. 8B). Such finding is to be based on, but not limited to, recommendations from the child's therapist or any other person having direct contact with the child. And, by the terms of the statute, those recommendations must be based on "specific behavioral indicators" exhibited by the child.

The court may admit the videotape of the victim's deposition as former testimony under C.R.E. 804(b)(1) if, at the time of trial, it finds that further testimony "would cause the victim emotional trauma so that the victim is medically unavailable or otherwise unavailable within the meaning of [CRE 804(a) ]." Section 18–3–413(4), C.R.S. (1986 Repl.Vol. 8B).

There are no Colorado appellate decisions concerning what constitutes "medical unavailability" for the purposes of § 18–3–413, C.R.S. (1986 Repl.Vol. 8B). *See People v. Tharp,* 746 P.2d 1337 (Colo.1987).

### B.

The use of a videotape deposition in lieu of actual trial testimony implicates a defendant's right of confrontation guaranteed by both the United States and Colorado Constitutions. *See Coy v. Iowa,* —— U.S. ——, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988).

In *Coy v. Iowa, supra,* the Court decided that the right to confrontation, although not absolute, guarantees the defendant a face-to-face encounter with witnesses appearing before the trier of fact. The Court recognized, however, that, as with other rights implicitly conferred by the confrontation clause, *i.e.,* the right to cross-examine and the right to exclude hearsay state-

ments, there may exist exceptions to the right to a face-to-face encounter when necessary to further important public policy objectives.

The generalized legislatively imposed presumption that such a confrontation would traumatize a child-victim, established by the Iowa statute was ruled by the *Coy* court as being an insufficient basis upon which to premise an exception to the constitutional right to confrontation. Moreover, the Iowa trial court had failed to make individualized findings that the particular witnesses needed special protection. Consequently, a violation of Coy's right of confrontation was found to exist. However, the Supreme Court declined to determine those criteria pertaining to furthering an important public policy objective that would justify finding an exception to a defendant's right to a face-to-face encounter with an accuser.

Justice O'Connor, in her concurring opinion in *Coy v. Iowa, supra,* emphasized the fact that although there is a preference for face-to-face confrontation at trial, such preference may be overcome in a particular case if close examination of competing interests so warrants. In her view, so long as a finding premised on the specific circumstances at issue is made, protection of child-witnesses is a compelling interest of sufficient importance to permit use of a trial procedure which results in something other than face-to-face confrontation.

### C.

■ Section 18–3–413, C.R.S. (1986 Repl. Vol. 8B) requires the trial court to make individualized findings both at the time a request for a videotape deposition is made, and at the time of trial, that the child victim is likely to be either medically or otherwise unavailable within the meaning of CRE 804(a). Prior to the admission of the tape at the time of trial, the court must also find that further testimony would cause the victim emotional trauma so that the witness is medically unavailable.

Applying the analysis of the concurring opinion in *Coy v. Iowa, supra,* we conclude that implementation of the statute at issue in a manner which preserves, as nearly as practicable, other aspects embodied in the right to confrontation is not violative of a defendant's constitutional right even though witness does not look directly upon the defendant or testify in his direct physical presence. *See Craig v. State,* 76 Md. App. 250, 544 A.2d 784 (1988).

## II.

The next question to address is the type of findings that are required by § 18–3–413, C.R.S. (1986 Repl.Vol. 8B) in order to meet the criteria for an exception to the requirement of a face-to-face encounter as discussed in *Coy v. Iowa, supra.*

### A.

◼ We conclude that, under § 18–3–413, C.R.S. (1986 Repl.Vol. 8B), before a court may either order that a videotape deposition of a child be taken, or admit the videotape deposition at trial in lieu of actual testimony, it must make particularized findings concerning the unavailability of the individual child-witness involved.

◼ In making such findings, the court may consider the unavailability of a child because of age and emotional inability to testify. *See People v. Mathes,* 703 P.2d 608 (Colo.App.1985). However, testimony about the likely impact of these factors on a particular child must be related to the statutory standard, and be definite and specific to that child. The mere unwillingness of an otherwise available child is insufficient to render the child "medically unavailable." *See People v. Johnson,* 118 Ill.2d 501, 115 Ill.Dec. 384, 517 N.E.2d 1070 (1987). Likewise, a child's mere nervousness, excitement, or reluctance to testify is not enough. *See Wildermuth v. State,* 310 Md. 496, 530 A.2d 275 (1987). The court's findings must be clear enough to indicate to the reviewing court the reasons upon which it found the statutory threshold requirements to be met.

◼ The trial court may base its findings on, but is not limited to, "recommendations from the child's therapist or any other person having direct contact with the child, whose recommendations are based on specific behavioral indicators exhibited by the child." Section 18–3–413(3), C.R.S. (1986 Repl.Vol. 8B). However, the court may not base its findings solely on testimony that children in general might have difficulty testifying in court or in the defendant's presence. Recommendations, or other evidence considered by the court, must be couched in terms far more specific than those which merely relate to children as a group. *Craig v. State, supra.*

### B.

◼ Under these standards, the findings made by the trial court here are insufficient. The court found that both children were unavailable to testify, at least in open court, because of their age and emotional status. As discussed above, these factors are certainly to be considered by the court in determining a child's unavailability for purposes of § 18–3–413, C.R.S. (1986 Repl. Vol. 8B). However, findings as to the specific impact of such factors on these children, and findings concerning each child's particular reaction to testifying in open court, or in the presence of the defendant are necessary. Consequently, we must remand this matter to the trial court for further specific and particularized findings as to each individual child-witness consistent with the views expressed herein.

### III.

Defendant also contends that the procedure utilized in taking the videotape depositions denied him an opportunity to cross-examine the children effectively. We disagree.

### A.

◼ The doctrine of invited error precludes defendant from arguing on appeal

that he was prejudiced because his attorney did not conduct the questioning during the videotape depositions. *See People v. McMullen,* 738 P.2d 23 (Colo.App.1986). The record reflects, and defendant concedes, that he agreed to allow an experienced therapist to question the children. In addition, absent a showing of the availability of a more sophisticated audio-visual system, we find no error in the parties' decision to communicate with each therapist by means of written notes.

## B.

■ Defendant also asserts error in the judge's departure before the end of the depositions. He contends that he was thereby precluded from objecting to the prosecution's lengthy questioning of his daughter which resulted in her being tired, inattentive, and unresponsive during cross-examination. We disagree.

Although defendant was not able to obtain a contemporaneous ruling on the objections he had during the depositions, he was able to raise the objection and have a judicial ruling out of the presence of the jury and prior to the admissions of the tapes at trial. Thus, the later editing session conducted by the court provided defendant with the opportunity to object to any perceived errors and was the functional equivalent of the meaningful right to object during the deposition. Moreover, the record merely reflects defendant's objection to leading questions, the denial of which was unappealed.

## IV.

■ Defendant next asserts that the trial court erred when it allowed witnesses to testify as to statements made to them by the child witnesses. We find no error in this regard.

The record reflects that, although the trial court deemed the child witnesses unavailable so that their videotape depositions could be taken and admitted at trial in lieu of live testimony, it simultaneously found them available to testify for purposes of the admission of their hearsay statements under § 13–25–129(1)(b), C.R.S. (1987 Repl. Vol. 6A).

Defendant has failed to specify which hearsay statements he believes were improperly admitted. A review of those hearsay statements which the people have conceded were admitted does not disclose the commission of any error.

It is not necessary to decide here whether admission of the children's videotape depositions constitutes testimony at the proceedings for purposes of the admission of other hearsay statements pursuant to § 13–25–129(1)(b)(I), C.R.S. (1987 Repl.Vol. 6A), or whether corroborative evidence is required to admit such hearsay under § 13–25–129(1)(b)(II), C.R.S. (1987 Repl.Vol. 6A) despite defendant's ability to confront the children and exercise his right to cross-examine them in the deposition.

Here, physical evidence of scarring corroborated the 4–year–old's statements to the pediatrician and to his therapist that the defendant had subjected him to anal intercourse. The videotape testimony of both victims, if admissible is corroborative evidence of the daughter's hearsay statements made to her mother, her therapist, and the pediatrician.

## V.

Finally, defendant asserts that the trial court erred when it failed to require the People to elect a specific transaction rather than a type of sex act, as the basis for each of the charges against the defendant. Both the People and the defendant argue that application of the principles set forth in *Kogan v. People,* 756 P.2d 945 (Colo. 1988) require a determination in their favor.

Here, the trial court required the People, after voir dire, to select the acts upon which they relied for conviction. In response, the People sought a conviction of guilty as to the boy based on "the act of a

contact by defendant with his penis upon the anus or perineum area of the child's bottom." As to the girl, the People sought a conviction based on defendant's alleged "touching of her vaginal area with his hand."

 Since there was evidence of a continuing pattern of conduct by defendant, his reliance on *People v. Estorga*, 200 Colo. 78, 612 P.2d 520 (1980) is misplaced. *See People v. Barela*, 689 P.2d 689 (Colo. App.1984) (several successive acts of child abuse by defendant resulted in an accumulation of injuries which resulted in death).

*Kogan v. People, supra*, does not dictate a different result. The general rule, reiterated in *Kogan v. People*, is that, if time is not a material element of the offense, then the precise time at which a crime is charged to have been committed is not material, especially where the defendant has not shown how his defense is prejudiced by the trial court's refusal to order the prosecution to furnish more exact information as to dates. Failure to provide a precise time is neither essential nor decisive where, as here, neither alibi nor nonaccess is a viable defense.

 Here, unlike *People v. Estorga, supra*, there was testimony regarding specific conduct that had occurred with each child with sufficient detail as to what transpired during the recurring transactions such that the evidence was segregated and identified with the individual counts charged in the information. Therefore, the need for greater specificity, as was needed in *Kogan v. People, supra*, was not present here. Thus, there was no error in the court's decision not to require the People to specify whether each incident occurred before or after the child's parents had separated, who was present during the incident, or the location of the alleged acts.

Accordingly, except for the possibility of error in the use of the videotape depositions, we perceive no basis for reversal of the judgment. Hence, the cause is remanded with instructions that the trial court

enter particularized findings within 60 days of the mandate as set forth in part I of this opinion. Thereafter, the case shall be recertified to this court forthwith for a determination concerning the appropriateness of the use of the videotape depositions of the children.

KELLY, C.J., and REED, J., concur.