**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Richard D. COLLINS, Defendant–Appellant.**

No. 98CA1629.

Colorado Court of Appeals, Div. II.

Jan. 20, 2000.

Rehearing Denied March 2, 2000.

Certiorari Granted Sept. 5, 2000.

Ken Salazar, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Richard D. Collins, Pro Se.

Opinion by Judge CRISWELL.*

Defendant, Richard D. Collins, appeals from the trial court order denying without a hearing his Crim. P. 35(c) motion. That court concluded both that defendant's motion was time-barred and that it was substantively meritless. Because we conclude, as a matter of law, that the motion was time-barred, we affirm without reaching the merits of defendant's contentions.

In 1986, defendant was convicted after a jury trial of first degree arson, intimidating a witness, conspiracy to intimidate a witness, and four counts of being an habitual criminal. On direct appeal, a division of this court reversed the conviction of conspiracy to intimidate a witness, but all other convictions were affirmed. *People v. Collins* (Colo.App. No. 86CA0600, Oct. 12, 1989) (not selected for official publication). The supreme court denied certiorari on February 20, 1990.

On April 17, 1997, more than seven years later, defendant filed a motion for appointment of counsel referring to a "concurrently" filed motion to vacate the judgment of conviction. The trial court denied the motion because no motion to vacate the judgment had been filed. Defendant then filed his "second

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, sec. 5(3), and § 24–51–1105, C.R.S.1999.

supplemental motion to vacate" on June 16, 1997, which included among the attachments a motion to vacate, signed January 26, 1997, and a supplement to motion to vacate, signed March 5, 1997. He asserted that his motion to vacate was mailed to the court shortly after it was signed.

The trial court ordered defendant to show cause why his motion was not time-barred by § 16–5–402, C.R.S.1999. In his response, defendant asserted that he could not have filed his motion until the announcement of *People v. Thomas*, 867 P.2d 880 (Colo.1994) (holding Colo. Sess. Laws 1981, ch. 190 at 927, now codified as § 16–5–402(3), C.R.S.1999, unconstitutional) and that his motion was filed on January 27, 1997, within three years of the announcement of *Thomas*. Relying upon *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), he argued that submission of his motion to the mailroom staff where he was incarcerated set the date of filing of the motion.

The trial court assumed that *People v. Thomas, supra*, did apply and that defendant's motion had to be filed no later than January 31, 1997, to avoid the time bar of § 16–5–402.

Rejecting defendant's assertion that he had mailed the motion on January 27, 1997, the trial court concluded that he had merely shown that he had submitted some documents for mailing to someone on that date. The trial court then proceeded to reject all the claims raised in the motion to vacate judgment.

■ On appeal, the defendant asserts that the trial court erred in concluding that his motion was time-barred, arguing that his motion was filed within three years after the announcement of *People v. Thomas, supra*. We are not persuaded.

In *People v. Germany*, 674 P.2d 345 (Colo. 1983), our supreme court held that Colo. Sess. Laws 1981, ch. 190 at 926, now codified as § 16–5–402(1), C.R.S.1999, was unconstitutional because, as then in effect, it prohibited collateral attacks outside the statutorily specified time limits even if the failure to act within those limits resulted from justifiable excuse or excusable neglect. Although the

constitutionality of the absolute bar in § 16–5–402(3), C.R.S.1999, for convictions that had been affirmed on appeal was not directly at issue in *Germany*, the supreme court cited it as one example of the statute's "capricious effects" and opined that subsection 3 contained "even greater restrictions" than the provision of § 16–5–402(1) that it specifically held to be unconstitutional. *People v. Germany, supra*, 674 P.2d at 351–53.

In response to *Germany*, the General Assembly amended § 16–5–402(2) to include a justifiable excuse or excusable neglect exception to the time limitations. However, it did not repeal the provision of § 16–5–402(3) which completely denied post-conviction relief to defendants whose convictions had been affirmed on direct appeal. *See* § 16–5–402(2) and § 16–5–402(3), C.R.S.1999.

Subsequently, in *People v. Thomas, supra*, the supreme court reiterated the concerns it had expressed in *Germany* respecting § 16–5–402(3). The court in *Thomas* then explicitly declared § 16–5–402(3) unconstitutional, while noting that it was "arguable" that it had already done so in *Germany*. *People v. Thomas, supra*, fn. 7. Thus, because the decision in *Germany* pre-dated defendant's convictions, the tenuous existence of § 16–5–402(3) cannot constitute justifiable excuse or excusable neglect for failing to pursue collateral relief. Indeed, the later ruling in *Thomas* would have been anticipated by any reasonable person.

■ Although the issue of justifiable excuse or excusable neglect is ordinarily a question of fact to be determined by a hearing in the trial court, *see People v. Abad*, 962 P.2d 290 (Colo.App.1997), here, defendant's assertions upon the subject were based upon the premise that the time for filing his motion did not begin to run until the date of the *Thomas* decision. However, because the time for filing a collateral attack commenced in February 1990, rather than from the announcement of *Thomas* in 1994, these allegations cannot, as a matter of law, establish justifiable excuse or excusable neglect for failing to file an appropriate motion earlier.

Accordingly, because defendant's motion was not timely, the trial court properly denied that motion without a hearing.

The order denying defendant's Crim. P. 35(c) motion is affirmed.

Judge MARQUEZ, and Judge RULAND, concur.