**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 18, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RUBEN J. MUNIZ,

       Petitioner-Appellant,

v.

JOHN SUTHERS; LARRY REID,

       Respondents-Appellees.

No. 06-1149
(D.C. No. 05-CV-00069 PSF-MEH)
(Colorado)

**ORDER**[*]

Before **MURPHY, SEYMOUR**, and **McCONNELL**, Circuit Judges.

Ruben Muniz, a state prisoner appearing *pro se*,[1] seeks a certificate of appealability (COA) to challenge the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[2] We see no basis for granting a COA and deny Mr. Muniz's application.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

[1]We liberally construe Mr. Muniz's *pro se* application. *See Cummings v. Evans,* 161 F.3d 610, 613 (10th Cir. 1998), *cert. denied,* 526 U.S. 1052 (1999).

[2]The district court denied Mr. Muniz's request for a COA.

In 1988, a Colorado state court convicted Mr. Muniz of aggravated robbery, attempted aggravated robbery, conspiracy to commit aggravated robbery, and two crime of violence counts. Mr. Muniz was designated a habitual criminal and sentenced to life imprisonment. Colorado state courts denied Mr. Muniz's subsequent petitions for post-conviction relief, and the district court similarly denied his federal § 2254 habeas petition. Mr. Muniz now seeks a COA from this court, arguing (a) there was insufficient proof to support a finding that he was a habitual criminal, (b) he was improperly denied assistance of counsel during collateral proceedings, (c) the court failed to instruct the jury as to the proper evidentiary weight of his co-defendant's guilty plea, and (d) trial counsel failed to request such an instruction and thus provided him with ineffective assistance.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a state habeas petitioner "has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). Before he may appeal, he first must obtain a COA. Otherwise, we have no jurisdiction over the appeal. *See id*. at 336. A COA will issue only if petitioner makes "a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000) To do so, petitioner must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id*. (citations and internal quotation

marks omitted).

In determining whether the petitioner has made the required showing, we review the claims presented in his § 2254 petition and generally assess their merit. *See Miller-El*, 537 U.S. at 336. In doing so, we "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." *Id.* Where, as here, petitioner's federal habeas claims were adjudicated on the merits in state court, we will grant an application for a COA "only where the state court decision was 'contrary to, or involved an unreasonable application of , clearly established Federal law, as determined by the Supreme Court . . .' or was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' 28 U.S.C. § 2254(d)." *Dockins v. Hines*, 374 F.3d 935, 936-37 (10th Cir. 2004).

With these principles in mind, we have carefully reviewed the record of these proceedings, the lengthy recommendation of the magistrate judge, and the district court's order and response to Mr. Muniz' objections to the magistrate judge's recommendation. We agree with the district court that there was sufficient evidence to deem Mr. Muniz a habitual criminal, that the trial court's failure to provide an instruction did not render the trial fundamentally unfair, and that Mr. Muniz did not demonstrate prejudice stemming from his counsel's alleged errors at trial.

Mr. Muniz further argues he was improperly denied the assistance of counsel in preparing his post-conviction challenge to the effectiveness of his trial counsel. Mr. Muniz contends that, because Colorado defendants typically assert ineffective assistance claims upon collateral review, a collateral proceeding is effectively the first tier of review and counsel must be provided.[3] Although, as Mr. Muniz notes, *Halbert v. Michigan*, 125 S. Ct. 2582 (2005), extended the right to counsel to a class of discretionary direct appeals, *Halbert* did not overrule clearly established Supreme Court precedent that individuals have no right to counsel in post-conviction proceedings. *Id.* at 2591-92. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 755 (1991) ("[T]here is no right to counsel in state collateral proceedings."); *Murray v. Giarratano*, 492 U.S. 1, 13 (1989) (holding no right to counsel for capital defendants in state habeas proceedings); *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987) ("[R]espondent has no underlying constitutional right to appointed counsel in state postconviction proceedings."). Accordingly, jurists of reason would not dispute that there is presently no right to counsel in a post-conviction proceeding even where collateral appeal is typically, though not necessarily, the first forum for raising an

---

[3] Colorado courts have "expressed a preference for having ineffective assistance of counsel claims brought in [state post-conviction] proceedings," *People v. Thomas*, 867 P.2d 880, 886 (Colo. 1994), but defendants are permitted to raise ineffectiveness claim on direct appeal in Colorado state court. *See People v. Apodaca*, 998 P.2d 25, 29 (Colo. Ct. App. 1999).

ineffective assistance of counsel claim.

Finally, a prisoner seeking *ifp* status must demonstrate financial inability to pay and the existence of "a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997) (internal quotation marks omitted). Mr. Muniz has not made a showing of good faith and the absence of frivolity, we deny his motion for leave to proceed *ifp*.

Accordingly, we **DENY** Mr. Muniz' request for a COA and **DENY** his motion to proceed *ifp*.

ENTERED FOR THE COURT


Stephanie K. Seymour
Circuit Judge